# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

TOMMY L. HUGHES,
           Plaintiff,

vs.

MICHAEL J. ASTRUE, Commissioner of
the Social Security Administration,
           Defendant.

Case No. 07-CIV-095-RAW

## ORDER

Before the court is the Motion for Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) [Docket No. 26]. On July 31, 2008, this court rendered a final judgment remanding the Plaintiff's case for further proceedings. The Commissioner has issued a fully favorable decision, and a Notice of Award has been issued providing back benefits of $56,865.80. Plaintiff's counsel was notified on January 18, 2009 of the Notice of Award.

In order to authorize payment of attorney fees pursuant to 42 U.S.C. § 406(b), a court must act as an "independent check, to assure that they yield reasonable results in particular cases." McGraw v. Barnhart, 450 F.3d 493, 498 (10th Cir. 2006). A district court should determine the reasonableness and timeliness of the attorney fee request prior to awarding fees. Id., at 502 and 505. There is a limit, however, to the amount of fees that can be awarded pursuant to § 406(b): "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Gisbrecht v. Barnhart, 122 S.Ct. 1817, 1828 (2002).

The Tenth Circuit Court of Appeals issued a ruling in <u>Wrenn, ex rel. Wrenn v. Astrue</u>, 525 F.3d 931 (10th Cir. 2008). <u>Wrenn</u> states that "the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner." <u>Id.</u>, at 937. Thus, the combined attorney fees for representation before the Social Security Administration and on appeal to a district court are not limited to 25% of past-due benefits. After a review of the motion and supporting documents, the court finds that the fees requested are reasonable.

A motion for the award of attorney fees under § 406(b) should be filed within a "reasonable time of the Commissioner's decision awarding benefits." <u>McGraw</u>, at 505. There is no specific time frame for the filing of the motion. The court finds that the request for attorney fees was filed within a reasonable time.

It is the Order of the court that the Motion for Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) [Docket No. 26] is GRANTED, and reasonable attorney's fees are approved in the amount of **$8,805.35**. Further, pursuant to <u>Wrenn</u>, counsel for Plaintiff is directed to refund the amount of the EAJA award ($6,478.00) to Plaintiff.

**ORDERED THIS 31st DAY OF March, 2009.**

**Dated this 31st Day of March 2009.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

j4h4i0